## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TERRANCE JONES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 11-1620 (RJL)** |
| ) | |
| **JEREMY BEAVER,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION
April 24, 2012 [Dkt. #22, #36, #39, #40]

This matter is before the Court on defendants Jeremy Beaver and Listen Vision,

LLC's motion to dismiss [Dkt. #22] and plaintiff's motions for summary judgment [Dkt.

# 36] and for default [Dkt. #39, #40].   For the reasons discussed below, the Court

GRANTS the defendants' motion, DENIES plaintiff's motions, and DISMISSES this

action without prejudice for lack of subject matter jurisdiction.

### I.  BACKGROUND

The plaintiff entered into "a formal agreement to use [Listen Vision's] studio to

record his music," Complaint ("Compl.") [Dkt. #1] at 1, both "for personal use," *id.*, and

for "his side project album using [his own] original music . . . and music that defendant,

Jeremy Beaver asserted was licensed for [the plaintiff's] use," *id.* at 2.   The plaintiff

purchased music from Listen Vision, and was told by defendant Jeremy Beaver "that he

had unrestricted permission [to use] all [Listen Vision] music purchased and recorded by the plaintiff." *Id.*

When the plaintiff later learned that "the defendants were raided for selling unlicensed music," *id.*, he sought assurances "that the music [he] purchased through [Listen Vision] was licensed and transferrable for licensed use by the plaintiff," *id.* at 3. The defendants have not responded to the plaintiff's satisfaction. *See id.* According to the plaintiff, both he "and his independent record label [are] legally vulnerable," *id.*, presumably to potential lawsuits by the recording artists whose material the plaintiff obtained without the proper license. "The plaintiff is suing the defendants for ten million dollars." *Id.*

## II.  DISCUSSION

Defendants Beaver and Listen Vision move to dismiss the complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure. "The complaint assert[s] that the parties entered into an agreement whereby Plaintiff would utilize Listen Vision['s] studio and Defendants would provide licensed music." Mot. to Dismiss for Lack of Subject Matter J. ("Defs.' Mot.") [Dkt. #22] ¶ 1. The Court concurs with the defendants' assessment that "the complaint asserts a claim for breach of contract," *id.*, over which this Court lacks subject matter jurisdiction, *id.* ¶ 2.

"Federal courts are courts of limited jurisdiction and the law presumes that 'a cause lies outside this limited jurisdiction.'" *Larsen v. U.S. Navy*, 486 F. Supp. 2d 11, 18

2

(D.D.C. 2007) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).   The plaintiff bears the burden of demonstrating that the Court has subject matter jurisdiction over his claim, *Moms Against Mercury v. Food & Drug Admin.*, 483 F.3d 824, 828 (D.C. Cir. 2007), and the plaintiff's status as a *pro se* litigant does not relieve him of this obligation, *see, e.g., Price v. College Park Honda*, No. 05-0624, 2006 WL 1102818, at *6 (D.D.C. Mar. 31, 2006) (citations omitted).   To this end, the Court may consider the complaint standing alone, "the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."   *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted).   "If the district court finds that it lacks subject matter jurisdiction, it must dismiss the case, and without prejudice."   *Paul v. Didizian*, No. 11-0684, 2011 WL 4953034, at *2 (D.D.C. Oct. 19, 2011); *see* Fed. R. Civ. P. 12(h)(3).

"Common bases for subject matter jurisdiction in a federal district court are federal question jurisdiction . . . and diversity jurisdiction."   *Bush v. Butler*, 521 F. Supp. 2d 63, 70 (D.D.C. 2007) (citations omitted).   Federal question jurisdiction exists if a claim "aris[es] under the Constitution, laws, or treaties of the United States."   28 U.S.C. § 1331.   "[D]iversity jurisdiction arises when the parties are citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."   *Paul*, 2011 WL 4953034, at *2 (citing 28 U.S.C. § 1332(a)(1)) (internal

quotation marks omitted).

Neither the complaint nor the plaintiff's response to the defendants' motion to dismiss establishes federal question jurisdiction.   The plaintiff's assertion that this action "involv[es] a federal crime" which "can be litigated in federal court," Pl.'s Resp. to Def.'s Mot. to Dismiss [Dkt. #25] at 1, simply does not suffice.   *See Masoud v. Suliman*, No. 10-0994, 2011 WL 4634214, at *2-3 (D.D.C. Oct. 6, 2011) (dismissing complaint which did "not purport to invoke any federal statutes" but instead "generally referenc[ed] fourteen separate criminal statutes").   Additionally, because the plaintiff and defendant Beaver both reside in Maryland, *see* Defs.' Mot. ¶ 5 n.1, the plaintiff cannot establish "complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush*, 521 F. Supp. 2d at 71 (citations omitted).

## III.   CONCLUSION

Where, as here, the plaintiff fails to meet his burden of establishing subject matter jurisdiction, the Court must dismiss the action.   Thus, the defendants' motion to dismiss is GRANTED, the plaintiff's motions are DENIED, and this entire action is dismissed without prejudice.   An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

4